IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KHALED SHABANI,

    Plaintiff,

v.

BARBARA B. CRABB,

    Defendant.

OPINION and ORDER

Case No. 22-cv-154-wmc

Under 42 U.S.C. § 1983, *pro se* plaintiff Khaled Shabani has filed a proposed civil complaint against one defendant, United States District Court Judge Barbara Crabb. Shabani claims in particular that Judge Crabb has violated his constitutional rights by dismissing civil lawsuits he has filed in this court between 2017 and 2022 because he is from another country. Although Shabani has paid the full filing fee owed in this case, federal courts "have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). "But when the plaintiff is not proceeding in forma pauperis, *only* frivolousness can justify the sua sponte dismissal without giving notice and the opportunity to respond." *Weinschenk v. CIA*, 818 F. App'x 557, 558 (7th Cir. 2020) (citing *Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003)). A claim is factually frivolous "only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*

1

Even construing Shabani's few allegations generously and in his favor, *Haines v. Kerner*, 404 U.S. 519, 521 (1972), his proposed claims against Judge Crabb are frivolous. Indeed, Judge Crabb is completely immune from damages for actions taken in her capacity as a judge. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (explaining that judges are entitled to absolute immunity; "judicial immunity is not overcome by allegations of bad faith or malice"). Certainly, this immunity extends to Judge Crabb's dismissals of Shabani's proposed lawsuits, and even "[i]f a judge errs through inadvertence or otherwise, a party's remedy is through the appellate process." *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005) (citation omitted). Given that Shabani challenges *only* Judge Crabb's dismissals of his lawsuit, his claims must be dismissed as legally frivolous. *See Spearman v. United States*, 80 F. App'x 513, 515 (7th Cir. 2003) (affirming dismissal of claims against judges as frivolous, noting "[i]t is a fundamental principle that judges are absolutely immune from damages for their judicial conduct") (citation omitted).

Furthermore, since the court has no basis to infer that Shabani could amend his complaint to save it from dismissal, the court will not offer him the opportunity to amend. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court should grant leave to amend after dismissal of the first complaint unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.") (internal citation and quotation marks omitted).

ORDER

IT IS ORDERED that:

1) Plaintiff Khaled Shabani's complaint is DISMISSED WITH PREJUDICE as frivolous.

2) The clerk of court is directed to close this case.

Entered this 8th day of June, 2022.

                          BY THE COURT:

                          /s/
                          _____
                          WILLIAM M. CONLEY
                          District Judge